# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

CLEARVALUE, INC. et. al.  
Plaintiffs

v.

PEARL RIVER POLYMERS, INC., et. al.  
Defendants.

Case No. 2:05-x-73749

Hon. Paul D. Borman  
Magistrate Judge Steven D. Pepe

## ORDER GRANTING IN PART PLAINTIFFS' MOTION (Dkt. # 3)

Plaintiffs' motion to compel discovery was referred pursuant to 28 U.S.C. §636(b)(1)(A),(B). A telephonic hearing was held on December 19, 2006, and, for the reasons stated below and on the record, IT IS ORDERED that Plaintiffs' motion is GRANTED IN PART.

### PROCEDURAL HISTORY

The underlying Eastern District of Texas case is a patent infringement and trade secret action. The Eastern District of Michigan is involved because Plaintiffs served a subpoena to an Ann Arbor company, NSF International.

The Defendants' motion to quash the subpoena was denied in the Eastern District of Texas and the parties were ordered to confer with NSF in attempting to narrow the document request. The parties met and conferred and NSF produced documents. In the current motion Plaintiffs argue that the document production was incomplete. NSF argues that it has produced all documents that it agreed to produce pursuant to the meet and confer and that Plaintiffs' new counsel is asking for documents that are (a.) outside the scope of the subpoena, (b.) outside of the agreement reached regarding what documents would be produced, (c.) the subject of third-party client's transactions which are confidential and available through Defendants and those clients and (d.) very costly to produce. While Fed. R. Civ. P. 29 requires stipulations regarding modification of discovery

procedures, it is not clear it applies to a non-party subpoena involved here. Nonetheless, it is unfortunate that any "agreement" between Plaintiffs' counsel and non-party NSF International was not put in writing which might have made this dispute subject to easier or at least earlier resolution by a court.

**BACKGROUND FACTS**

The relevant patent, Patent '690, was filed on August 1998 and issued September 19, 2000. Patent '690 covers a process for clarifying water and wastewater using aluminum salts and/or aluminum polymers and newly formulated high molecular weight quaternized aluminum polymers.

NSF provides product certifications for companies that sell the chemicals to be used in treating drinking water. So, if Company A wants to sell a chemical product they can obtain a NSF/ANSI Standard 60 Listing for the product from NSF. Also, if Company B purchases a quantity of the registered product from Company A for re-branding or blending, the records for Company B will cross-reference the original listed product and Company A with an "Authorized Registered Formulation" (ARF), if blended, or an "Another Name For" (ANF), if re-branded.

Plaintiffs' subpoena seeks all Standard 60 Listings issued to any and all Defendant entities that use the chemical compounds found in '690 for periods from 1996-present. Paragraph 8 of the subpoena also seeks any documents regarding "transfer of authorization for certification" and Paragraph 9 seeks documents regarding "any third party's use of such product in their own" product.

Pursuant to the parties' agreement, in February 2006, NSF produced six boxes of documents which contained all of the NSF files involving the Defendants' entities. The parties agree that these documents include all ANF's for third-parties using Defendants' products. The remaining documents sought by Plaintiffs are the ARFs for third-parties that used Defendants' products. NSF asserts that the parties did not discuss producing third-party files with ARFs for Defendants'

Standard 60 Listings. Plaintiffs' counsel responds that identifying such third-parties using the Defendants' products as a component of any compound was central to the purpose of seeking this discovery from NSF.

In May 2006 Plaintiffs' counsel requested the documents concerning the third-parties with ARFs for Defendants' products. NSF replied that it felt this request was outside the scope of the subpoena and not part of the agreement and thus did respond with further documents. In October 2006 Plaintiffs' new counsel renewed this request, to which NSF continues to object.

NSF argues that Plaintiffs can get the information sought from the companies to which Defendants sold products. In fact, NSF argues, Plaintiffs have narrowed the scope of the request to NSF to 27 companies, and it would be easier for Plaintiffs to subpoena those 27 companies than to require NSF to review all their records dating back to 1996 and determine whether these companies have ARFs for Defendants' products.

During the course of the hearing NSF pointed out that a cursory review of its files indicated that, of the 27 companies Plaintiffs listed, 15 did not have ARFs for Defendants' products.[1] Plaintiffs' counsel agreed, that subject to the Protective Order in place in the Texas case and without disclosure to his client, he could review the list of 27 companies to determine if he could concur that the 15 companies were appropriately eliminated as NSF's counsel represented. Further, in an effort to alleviate the burden of production on NSF, Plaintiffs' counsel agreed that NSF could produce, in lieu of information dating back to 1996, only the latest ARFs for the companies that remained on the list, but asked that Plaintiffs be allowed to review the remaining 12 companies to ensure that they

---

[1] NSF indicates that 7 companies of the 27 companies Plaintiff listed have ANFs with Defendants' products (so, Plaintiffs have these documents from the initial document production), 3 companies have ANFs involving manufacturers other than Defendants, and 5 companies have been otherwise determined not to use Defendants' products (1 by its own admission and 4 by NSF chemists' determination).

were reasonable targets, as the original list of 27 was comprised by Plaintiffs' (not Plaintiffs' counsel) without the benefit of attorney's eyes only information that had been produced in this matter.  Counsel for Plaintiff indicated a hope to avoid needing to seek more dated documents, anticipating that answers to many of his questions could be determined from NSF's publically available documents, once he had he list of most recent ARFs.  Counsel for Plaintiff also believed that with information discovered from other sources, certain of the target companies may not need be checked for ARFs involving products of Defendants' entities, but he might seek some other "substitute" companies.  While there is no need at this time for ruling on whether to allow such substitutions and additions, if such is allowed NSF will be accorded an opportunity to notify any additional companies of Plaintiffs' discovery request pursuant to NSF's confidentiality agreements with its customers, to provide them notice and an opportunity to seek to intervene to block such disclosures.

It is determined that NSF has documents relevant to this Texas litigation and that, at least initially, limited and focused discovery from NSF is the most efficient way to proceed.

### **ORDER**

A.     NSF's counsel shall produce to Plaintiffs' counsel, subject to restrictions noted below, the list of the 27 companies identifying which have been determined by NSF to have (i.) ANFs with Defendants' products, (ii.) ANFs with other companies' products, (iii.) been determined not to use Defendants' products, and (iv.) no such designation.

B.     Plaintiffs' counsel shall determine whether he can concur regarding the 15 companies NSF believes can be eliminated from the discovery list.  He will also determine whether the remaining 12 companies are satisfactory and, if not, will seek agreement or show cause why substitutions or additions should be made.  It is the intention of this court that the list of companies

about which NSF is required to provide discovery remain at or nearer12 than 27.

  C. The attorneys for Plaintiffs and NSF shall meet and confer in an attempt to (i.) finalize the list of companies for which NSF will provide the latest ARFs, (ii.) establish protocols for obtaining the most recent ARFs and providing notice to any substituted target companies agreed to and (iii.) estimate additional cost to NSF, excluding attorney fees, for the search and production. If agreement cannot be reached, the undersigned will be available for a follow-up hearing.

  D. All information provided is subject to the protective order in the underlying Texas litigation and shall be designated in the confidential category "for attorney eyes only" until further court order or stipulation of the parties.

  E. While this order is being entered requiring NSF, a non-party, to produce documents in this matter because it is deemed the most efficient manner at this time to gather the relevant discovery information necessary to proceed in the underlying litigation, it is anticipated that Plaintiffs' future efforts will be made to seek discovery from the underlying target entities based on the information gathered in this initial document production.

  F. The Plaintiffs' counsel and counsel for NSF agree and the court concurs that NSF should be reimbursed for its reasonable costs incurred in retrieving the requested documents and other information, but it is not agreed that such costs shall include attorney fees and legal costs. This court will retain jurisdiction over this matter until it is resolved.

SO ORDERED.


Dated: January 12, 2007             s/Steven D. Pepe
Ann Arbor, Michigan             United States Magistrate


CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: John J. Koselka, Patrick M. McCarthy, Kenneth C. Newa, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

                s/ James P. Peltier
                Courtroom Deputy Clerk
                U.S. District Court
                600 Church St.
                Flint, MI 48502
                810-341-7850
                pete_peltier@mied.uscourts.gov